260 F.Supp.2d 790 (2003)
Ben DeFEO, Plaintiff,
v.
Chris McABOY, Defendant.
No. 4:02 CV 1205 DDN.
United States District Court, E.D. Missouri, Eastern Division.
February 5, 2003.
*791 Fairfax Jones, President, Casserly Jones, P.C., St. Louis, MO, Ronald R. McMillin, Carson and Coil, Jefferson City, MO, for Plaintiff.
Jon R. Sanner, Jeffrey J. Brinker, Brinker and Doyen, Clayton, MO, for Defend Stephen D. Kort, Carlson and Kort, LC, Kansas City, MO, for Rockhurst University.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendant for a protective order (Doc. 25) prohibiting disclosure of documents that plaintiff subpoenaed from Rockhurst College about defendant. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on the motion on December 17, 2002.
This diversity action was removed from the Circuit Court of the City of St. Louis. Plaintiff Ben DeFeo alleges that on March 28, 1999, while he was standing in the front yard of defendant's residence at 5345 Tracy in Kansas City, Missouri, defendant Christopher McAboy while intoxicated negligently drove his motor vehicle into plaintiff injuring him. DeFeo seeks both compensatory and punitive damages.
The record indicates that during March 1999 plaintiff and defendant were postsecondary students at Rockhurst College in Kansas City. The events that occurred at 5345 Tracy on March 27 and 28, 1999, involving plaintiff and defendant were investigated by the Rockhurst College Safety and Security Department and they were the subject matter of college disciplinary proceedings against defendant. Pursuant to an order of this court on September 19, 2002,[1] on September 20 plaintiff issued to Rockhurst a subpoena for the production of "Any and all documents relating to the incident that occurred on or about March 27, 1999, at 5345 Tracy, Kansas City, Missouri *792 involving Christopher McAboy and Ben DeFeo, including, but not limited to, investigative reports, correspondence and affidavits pertaining to the occurrence." See Order issued September 19, 2002, Doc. 19 Attachment. Rockhurst responded to the subpoena by submitting 42 documents to the court under seal on November 1, 2002; Rockhurst gave both parties written notice that it had done so. (Doc. 22.)
Defendant objects to disclosure of these documents to plaintiff, because (1) these documents are privileged from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; and (2) many of the documents involve incidents unrelated to the alleged driving while intoxicated incident. In response, plaintiff argues (1) he seeks documents that relate only to the incident at 5345 Tracy, and (2) he is entitled to any written statement by defendant about that incident, because such a statement is outside the scope of FERPA.
Subject to certain conditions and exceptions, FERPA generally provides for the confidentiality of colleges' "education records" of students. Id. at § 1232g(a)(l), (b)(1). The term "education records" is defined as "those records, files, documents, and other materials which(i) contain information directly related to a student; and (ii) are maintained by an educational... institution." Id. § 1232g(a)(4)(A). Excepted from the definition of protected "education records" are "records maintained by a law enforcement unit of the educational ... institution that were created by that law enforcement unit for the purpose of law enforcement." See id. § 1232g(a)(4)(B)(ii).
FERPA excepts from the confidentiality of "education records" documents and records sought in response to subpoenas issued by a federal grand jury. Id. § 1232g(b)(1)(J)(i). However, the issuing court or agency must order the educational institution not to disclose the existence or contents of the subpoena or any information furnished in response to it. Id. Regarding other subpoenas issued for law enforcement purposes, the issuing court or agency may issue such a confidentiality order. Id. § 1232g(b)(1)(J)(ii).
Regarding compliance with judicial orders or subpoenas lawfully issued for other purposes than law enforcement, FERPA allows the disclosure of the subject education records, upon condition that "parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." Id, § 1232g(b)(2).
FERPA allows disclosure of education records to the victims of certain crimes:
(6)(A) Nothing in this section shall be construed to prohibit an institution of postsecondary education from disclosing, to an alleged victim of any crime of violence (as that term is defined in section 16 of Title 18[2]), or a nonforcible sex offense, the final results of any disciplinary proceeding conducted by such institution against the alleged perpetrator of such crime or offense with respect to such crime or offense.
20 U.S.C. § 1232g(b)(6)(A).
The Secretary of Education has issued regulations to implement FERPA. Those regulations provide that, without getting the consent of the student, the educational institution may disclose education records if
(a)(9)(i) [t]he disclosure is to comply with a judicial order or lawfully issued subpoena.

*793 (ii) The educational ... institution may disclose information under paragraph (a)(9)(i) of this section only if the ... institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action, unless the disclosure is in compliance with
(A) A Federal grand jury subpoena and the court has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed; or
(B) Any other subpoena issued for a law enforcement purpose and the court or other issuing agency has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed.
34 C.F.R. § 99.31(a)(9)(2000).
Disclosure of educational records may be made to the victims of certain crimes,[3]id. § 99.39, but such is limited to the final results of disciplinary proceedings conducted by the educational institution, id. § 99.31(a)(14).
FERPA created no express cause of action for a private remedy. Girardier v. Webster Coll., 563 F.2d 1267, 1276-77 (8th Cir.1977); M.P. v. Indep. Sch. Dist. No. 721, 200 F.Supp.2d 1036, 1045 (D.Minn.2002). However, the Act does expressly impose direct obligations on and prohibit certain behavior by educational institutions such as Rockhurst College. See, e.g., United States v. Miami Univ., 91 F.Supp.2d 1132, 1144-45 (S.D.Ohio 2000). Such obligations may be vindicated by other than a direct action for damages, e.g., by providing the "federal right" necessary for a suit under 42 U.S.C. § 1983. Achman v. Chisago Lakes Indep. Sch. Dist. No. 2144, 45 F.Supp.2d 664, 672 (D.Minn. 1999). The limitations FERPA places on educational institutions can be enforced by defendant by his motion for an order protecting him from the discovery sought by plaintiff.
The court has enumerated the documents and reviewed them in camera and ex parte. Without disclosing the substantive contents of the documents, the court identifies them as follows:

 Doc. 1: DeFeo letter dated April 6, 1999, by
 plaintiff regarding incident of
 March 27-28, 1999;
 Doc. 2: Kammerer letter dated April 8, 1999,
 regarding occurrence of March 27,
 1999;
 Doc. 3: Report RC 03990531 by Rockhurst
 College Safety and Security Department
 regarding disturbances
 on March 27, 1999; time of dispatch
 0243 hours; subjects:
 Christopher McAboy and Benjamin
 DeFeo;
 Doc. 4: Report RC 03990532 by Rockhurst
 College Safety and Security Department
 regarding damage to
 property; time of dispatch 0243
 hours; subjects: Christopher
 McAboy and Benjamin DeFeo;
 Doc. 5: McAboy letter to Rockhurst College
 dated September 7, 1999, regarding
 completion of disciplinary sanctions;
 Doc. 6: Teacher Ellebracht letter dated July
 13, 1999, relating to service work;
 Docs. 7 & Kansas City Free Health Clinic
 8: documents regarding McAboy service
 between May 13 and July 21;

*794
 Doc. 9: King letter of April 27, 1999, regarding
 McAboy;
 Doe. 10: Rockhurst Vice-President Brent letter
 of September 16,1999, to
 McAboy regarding graduation;
 Doc. 11: O'Hara letter of May 18, 1999, regarding
 McAboy service work;
 Doc. 12: Brent letter of April 1, 1999, to
 McAboy regarding conditions for
 remaining in school;
 Doc. 13: Korte fax transmittal sheet dated
 April 23, 1999; no substantive data;
 Docs. 14 & Cover and first page of McAboy appeal
 15: to Rockhurst Vice-President;
 Doc. 16: McAboy letter to Brent, dated April
 23, 1999, regarding disciplinary
 proceedings;
 Doc. 17: List of McAboy appeal exhibits;
 Doc. 18: McAboy letter to King, undated, regarding
 incident of March 27, 1999;
 Doc. 19: McAboy letter of intent to appeal,
 undated;
 Doc. 20: Haskins letter to Brent, dated April
 11, 1999, regarding disciplinary
 proceedings;
 Doc. 21: McInerny memorandum, dated April
 12, 1999, regarding meeting with
 Brent;
 Doc. 22: Minutes, dated April 14, 1999, of disciplinary
 hearing held on April 9,
 1999;
 Doc. 23: Mclnerny memorandum, dated April
 11, 1999, regarding disciplinary
 proceedings;
 Doc. 24: Rockhurst College President Kinerk
 letter to Campus Community dated
 April 1, 1999;
 Doc. 25: McInerny memorandum, dated April
 11, 1999, regarding irregularities in
 disciplinary proceedings;
 Doc. 26: Asst. Dean of Students Ernst letter
 to McAboy, dated April 11, 1999;
 Doc. 27: Permission for release of information
 form (2 copies) unexecuted;
 Doc. 28: Harvath letter, undated, about incident
 of March 27,1999;
 Doc. 29: Rockhurst College Disciplinary
 Notification Statement to McAboy,
 dated April 6 and 7, 1999;
 Doc. 30: Incident Report, report of interview
 of Davin Winkley, regarding incident
 of March 28, 1999;
 Doc. 31: Incident Report form, signed Winkley
 but not filled out;
 Doc. 32: Incident Report, report of interview
 of Ryan King, regarding incident of
 March 28, 1999;
 Doc. 33: Incident Report form, signed by King
 but not filled out;
 Doc. 34: Incident Report, report of interview
 of Jennifer Porter, regarding incident
 of March 28, 1999;
 Doc. 35: Incident Report form, signed by
 Porter but not filled out;
 Doc. 36: Incident Report, interview of Ronnie
 Wells;
 Doc. 37: Incident Report form, signed by
 Wells but not filled out;
 Doc. 38: Ernst memorandum, dated April 7,
 1999, appointing disciplinary subcommittee
 members and setting
 hearing;
 Doc. 39: Report RC 03990545 by Rockhurst
 College Safety and Security
 Department regarding an assault
 on March 28, 1999, at 0246 hours;
 time of dispatch 0405 hours; subjects:
 Christopher McAboy and
 Kathleen Kammerer;
 Doc. 40: Supplemental Report RC 03990531
 by Rockhurst College Safety and
 Security Department, dated March
 28, 1999; regarding assault (Doc.
 39);
 Doc. 41: Report RC 03990530 by Rockhurst
 College Safety and
 Security Department; date and
 time of dispatch: March 27, 1999,
 at 0134 hours, regarding disturbances;
 subjects: Christopher
 McAboy and Ronnie Wells; and
 Doc. 42: Supplemental Report RC 03990532
 by Rockhurst College Safety and
 Security Department.

The documents at issue fall into two distinct groups, disciplinary records and law enforcement records. Disciplinary records are within the general definition of protected "education records" in *795 § 1232g(a)(4)(A) (documents containing information about the student and maintained by the educational institution). See United States v. Miami Univ., 294 F.3d 797, 812 (6th Cir.2002). After reviewing the submitted documents in camera, the court finds that Documents 1, 2, 5 through 29, and 38 are records of the college's disciplinary proceedings against defendant.
The negligent driving while intoxicated, which plaintiff alleges in the instant action, is not alleged to involve a crime of violence or a nonforcible sex offense, as defined by the statute and the regulation; if defendant's actions had involved such a crime, the college may even then disclose only the "final results" of the disciplinary proceedings. Except for the fact that these documents were the subject of a lawful subpoena issued by this court, which is discussed below, the disciplinary record documents enumerated would be protected from disclosure by FERPA.
The campus police department law enforcement records are specifically excluded from the definition of protected education records by § 1232g(b)(4)(F)(ii) (records created and maintained by a law enforcement unit of the educational institution for law enforcement purposes). Bauer v. Kincaid, 759 F.Supp. 575, 590-91 (W.D.Mo.1991). The court finds that Documents 3, 4, 30 through 37, and 39 through 42 are such documents and are not protected by FERPA.
As mentioned above, Rockhurst College submitted the subject documents to the court under seal for disposition of defendant's motion for a protective order. In doing so it gave defendant, the student involved, notice of the subpoena and an opportunity to seek protective action which defendant did. Thus, although the record is silent on the college's notice to defendant's parents, it substantially complied with 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9)(i) and (ii). A plain reading of this section of FERPA and the relevant regulation indicates that, the condition of notice having been accomplished, all of the submitted documents are outside the protection of FERPA. Storck v. Suffolk Cnty. Dep't of Soc. Servs., 122 F.Supp.2d 392, 402 (E.D.N.Y.2000).
Defendant argues that many of the documents are likely outside the scope of permissible discovery, irrespective of FERPA, because they relate to irrelevant matters. The proper scope of discovery in this civil action authorizes "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." See Fed.R.Civ.P. 26(b)(1). Again, plaintiffs claim is that defendant negligently, and while intoxicated, drove his vehicle into plaintiff at 5345 Tracy on March 28, 1999. From the court's review of the subject documents, defendant was the subject of several incidents that involved the police that night, including driving into plaintiff. Whether they relate also to any other incident, the following submitted documents relate, either directly or indirectly, to defendant being intoxicated and driving into plaintiff on March 27-28, 1999: Documents 1 through 5,12,16, 22, 26, and 28.
In consequence,
IT IS HEREBY ORDERED that the motion of defendant for a protective order (Doc. 25) is sustained in that the Clerk is ordered to unseal Documents 1 through 5, 12, 16, 22, 26, and 28 and make them available to counsel for the parties for copying. In all other respects the motion is denied.
IT IS FURTHER ORDERED that, after the copies have been made available to counsel for the parties, the Clerk shall reseal the aforesaid documents until further order.
IT IS FURTHER ORDERED that counsel for the parties shall disclose said *796 documents only to the parties and only for the purposes of this action.
NOTES
[1] The order sustained the motion of plaintiff for leave to issue a subpoena to Rockhurst College filed on September 19, 2002. A copy of the motion was served on defendant. (Docs. 18 and 19.)
[2] The general definition of "crime of violence" in § 16 is specifically defined by 34ena. C.F.R. § 99.39. See footnote 3.
[3] These are non-forcible sex offenses and the following federally defined crimes of violence: arson; assault offenses; burglary; criminal homicidemanslaughter by negligence; criminal homicidemurder and nonnegligent manslaughter; destruction, damage, or vandalism of property; kidnapping or abduction; robbery; and forcible sex offenses. 34 C.F.R. § 99.39.