Udine ELLIS, Guardian for Lateasha
Pendergrass Plaintiff

v.

CLEVELAND MUNICIPAL SCHOOL
DISTRICT Defendant

No. 1:03–CV–1284.

United States District Court,
N.D. Ohio,
Eastern Division.

March 10, 2004.

James B. Kenney, Esq., Robert D. Kehoe, Esq., Keller & Kehoe, Cleveland, OH, for Plaintiff.

Ernest L. Wilkerson, Jr., Esq., Scott J. Robinson, Esq., Tabitha L. Williams, Esq., Wilkerson & Associates, Cleveland, OH, for Defendant.

## DISCOVERY ORDER

WELLS, District Judge.

Before this Court is a discovery dispute between the parties involving Plaintiff's Combined Second Set of Interrogatories, Requests for Admission, and Request for Production of Documents. The specific issues raised by this discovery dispute are whether incident reports related to altercations between substitute teachers and students, student and employee witness statements related to these incidents, and information related to subsequent discipline, if any, imposed on the substitute teachers are covered by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and, if so, whether their discovery is nonetheless permissible under one of the enumerated exceptions or by court order.

Plaintiff initially served her interrogatories, requests for admission, and requests for production of documents on defendant on 6 June 2003, serving them a second time after the case was removed to federal court on 27 June 2003. On 12 October 2003, defendant issued its discovery responses objecting to many of the interrogatories because a motion to return documents was pending and because the plaintiff exceeded the numerical limit for interrogatories and objecting to most of plaintiff's thirty-five requests for production of documents because the documents were allegedly protected under FERPA. After this court denied defendant's motion for return of documents and granted plaintiff leave to propound more than twenty-five interrogatories, defendant served its second set of discovery responses again objecting to most of the interrogatories and document requests based on FERPA. On 27 February 2004, this Court ordered defendant to provide the Court for *in camera* review, copies of all documents it seeks to withhold from

discovery on the basis of FERPA and ordered plaintiff to file defendant's responses to her interrogatories, requests to admit, and document requests along with a summary document specifically identifying those discovery requests to which defendant continues to object based on FERPA.

 FERPA protects educational records or personally identifiable information from improper disclosure. *Doe v. Woodford County Bd. of Educ.,* 213 F.3d 921, 926 (6th Cir.2000). The statute sets out conditions on the availability of federal funds for educational agencies and institutions and provides, in pertinent part, that:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information...) of students without the written consent of their parents to any individual, agency, or organization...

20 U.S.C.A. §§ 1232g(a) and (b)(1). FERPA broadly defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *U.S. v. Miami University,* 294 F.3d 797, 812 (6th Cir. 2002) (citing 20 U.S.C. § 1232g(a)(4)(A)). Personally identifiable information "is narrowly defined by the Act's regulations as including only the student's name, parent's name, the student's or parent's address, social security number, or other information that would make the student's identity easily traceable." *Woodford County,* 213 F.3d at 926.

 In this case, the information sought by plaintiff is not protected from discovery by FERPA for a number of reasons. First, FERPA applies to the disclosure of student records, not teacher records. *Klein Independent Sch. Dist. v. Mattox,* 830 F.2d 576, 579 (5th Cir.1987). While it is clear that "Congress made no content-based judgments with regard to its 'education records' definition," *Miami University* 294 F.3d at 812, it is equally clear that Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students. *See Bauer v. Kincaid,* 759 F.Supp. 575, 591 (W.D.Mo.1991) (noting that the function of FERPA is "to protect educationally related information.") Thus, courts have held FERPA does not prevent the disclosure of records specifying reasons for teacher certificate revocations or the names of the victim and witnesses to an alleged incident of sexual harassment by a teacher. *Brouillet v. Cowles Pub. Co.,* 114 Wash.2d 788, 791 P.2d 526, 533 (1990); *Board of Educ. of Colonial School Dist. v. Colonial Educ. Ass'n,* 1996 WL 104231, at *5–6 (Del.Ch.1996). Courts have similarly held that student witness statements are not governed by FERPA. *Staub v. East Greenbush School Dist. No. 1,* 128 Misc.2d 935, 491 N.Y.S.2d 87, 88 (1985).

 In her document requests, plaintiff seeks records involving allegations of physical altercations engaged in by substitute teachers as well as student and employee witness statements related to those altercations. Defendant has already produced to plaintiff the "Substitute Teacher Student Altercations Report 2000–2003," a record which identifies students involved with altercations with substitute teachers. Plaintiff, for the most part, has only sought further information on such altercations which involved alleged assaults or corporeal punishment of the student by the substitute teacher. (Docket # 53, Ex.

4).[1] Such records do not implicate FERPA because they do not contain information "directly related to a student."[2] While these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves and are therefore not governed by FERPA. *Cf.* 20 U.S.C. § 1232g(a)(4)(B)(iii) (education records do not include records made and maintained in the normal course of business which relate exclusively to the educational institutions' employees in their capacity as employees and are not available for use for any other purpose).[3] With respect to her interrogatories, plaintiff seeks information regarding what disciplinary action, if any, the school district imposed on the teacher as a result of the alleged altercations. This teacher discipline information is clearly outside the purview of FERPA as it relates to teachers and not students.

 Even if the records at issue in this case were "education records" as defined by FERPA that would not necessarily end the inquiry. FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records. *Bauer,* 759 F.Supp. at 589; *Rios v. Read,* 73 F.R.D. at 598 (noting that the statute did not intend to create a "school-student privilege analogous to a doctor-patient or attorney-client privilege.") Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure. *Rios v. Read,* 73 F.R.D. 589, 598 (D.C.N.Y.1977). Given FERPA's underlying privacy concerns, it does, however, place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records. *Id.* Plaintiff has met her burden in this case as the information she seeks is material and necessary to the prosecution of her claims and uniquely within the knowledge and possession of the defendant School District.

 Furthermore, the language of the statute, on its face, appears to limit its prohibition to those situations where an educational agency "has a policy or practice of permitting the release of education records." *See* 20 U.S.C. § 1232(g)(b)(1) and (2). FERPA was designed to "address systematic, not individual, violations of students' privacy by unauthorized releases of sensitive information in their educational records." *Jensen v. Reeves,* 45 F.Supp.2d 1265, 1276 (D.Utah 1999) (citing *Gundlach v. Reinstein,* 924 F.Supp. 684 (E.D.Pa.1996)). This focus on policies

---

1. She did, however, seek additional discovery on one altercation which involved an "Other Non–Serious Incident" with student Velvet Farmer which is not reasonably calculated to lead to the discovery of admissible evidence relevant to plaintiff's claims, as it did not involve any allegations of physical abuse by the substitute teacher, and is therefore not discoverable.

2. A teacher's disciplinary records and/or records containing allegations of teacher misconduct can be contrasted with student disciplinary records which the Sixth Circuit has held are "education records" within the meaning of FERPA. *Miami University,* 294 F.3d at 812.

3. Moreover, these records may be specifically exempted from the definition of "education records" in FERPA because they are "records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement." 20 U.S.C. § 1232g(a)(4)(B)(ii). There is, however, inadequate information before the Court to determine whether the records fall within that statutory exception.

which systematically invade a student's privacy is thus consistent with the statute's allowances for the disclosure of such information in particular circumstances or pursuant to a court order on a case-by-case basis. Personally identifiable information from a student record, otherwise protected by FERPA, may be disclosed pursuant to court order, as long as certain parental notification requirements are met. 20 U.S.C. § 1232g(b)(2)(B); *see also D.L. v. Unified School Dist. # 497*, 270 F.Supp.2d 1217, 1243–44 (D.Kan.2002) (citing 34 C.F.R. § 99.31(a)(9)(i)). In this case, defendant is not engaged in a policy or practice of disclosing student records but rather is responding to narrowly-defined discovery requests pursuant to a court order.

■■■ This Court's conclusion that the records at issue in this case do not implicate FERPA is not only consistent with the language of the statute itself but also operates to protect the safety of students in schools. As in *Rios*, 73 F.R.D. at 600, where the trial court concluded that FERPA should not be used as a cloak for alleged discriminatory practices, FERPA should not operate to protect allegations of abuse by substitute teachers from discovery in private actions designed to combat such abuse. While this Court reaches no conclusions as to the merits of plaintiff's claim in this case, the individual and social importance of the issues raised by its claims is undeniable and the discovery sought by plaintiff is necessary to the resolution of the lawsuit. FERPA itself recognizes the important public policy of protecting student safety by providing an explicit exemption for the disclosure of "personally identifiable information from an educational record to appropriate parties" if it is necessary to protect the health or safety of the student or others. *Woodford County*, 213 F.3d at 926 (citing 34 C.F.R. § 99.36); *see also* 20 U.S.C. §§ 1232g(b)(1)(I). Though the information sought by plaintiff does not implicate the specific protections imposed by FERPA, purported other student victims and student witnesses should have the protections of name and address redactions in court filings in this case.

■■■ For the reasons set forth above, information related to alleged incidents of physical abuse by substitute teachers is not protected by FERPA and must be provided by defendant. Accordingly, defendant is ordered to supplement its responses, on or before 17 March 2004, to plaintiff's combined second set of interrogatories, requests for admissions, and request for production of documents by:[4]

4. In addition to defendant's objections based on FERPA, this Court overrules all of defendant's other objections to answering these interrogatories. Among its objections, defendant cites the Ohio Revised Code generally but does not reference a particular statutory provision justifying non-disclosure. Contrary to defendant's representation, Ohio law actually supports the disclosure of the information and documents sought by plaintiff in this case. Based on the "fundamental policy of promoting open government, not restricting it," the Ohio Public Records Act, Ohio R.C. § 149.43, is intended to be liberally construed to ensure the availability of governmental records to the public subject to only a few very limited and narrow exceptions. *State ex rel. James v. Ohio State University*, 70 Ohio St.3d 168, 170–71, 637 N.E.2d 911 (1994). The exceptions are strictly construed against the custodian of public records and any doubt should be resolved in favor of disclosure. *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 169, 637 N.E.2d 911 (1994); *State ex rel. The Warren Newspapers, Inc. v. Hutson*, 70 Ohio St.3d 619, 621, 640 N.E.2d 174 (1994). Under Ohio law, public records include those kept by school district units and public employee personnel records, including records reflecting discipline, are generally regarded as public records absent proof of an exception. *State ex rel. Consumer News Serv., Inc. v. Worthington City Bd. of Educ.*, 97 Ohio St.3d 58, 65, 776 N.E.2d 82 (2002); *State ex rel. Ohio Patrolmen's Benevolent Ass'n v. Men-*

1. Providing answers to interrogatories Nos. 9–23 and 25–34.

2. Admitting or denying request to admit Nos. 1–2.

3. Producing all documents responsive to document requests Nos. 1–15, 17–26 and 28.

In the event that either party wishes to file any of the records produced by defendant in response to document requests Nos. 1–15, 17–26 and 28, that party shall redact from the documents the names and addresses of minor children who are purported to be student victims and student witnesses.

IT IS SO ORDERED.

See also 2001 WL 1035286.

*tor,* 89 Ohio St.3d 440, 444, 732 N.E.2d 969 (2000). None of the enumerated exceptions to the Ohio Public Records Act appear applicable to the records sought in this case.