**BAKER et al., Appellees**

v.

**MITCHELL–WATERS et al., Appellants.**

[Cite as *Baker v. Mitchell–Waters,* 160 Ohio App.3d 250, 2005-Ohio-1572.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20475.

Decided April 1, 2005.

Jonathan Hollingsworth, for appellees.

Lynette Pisone Ballato and Laura Mariani, for appellant.

---

FAIN, Judge

{¶ 1} Defendant-appellant, Montgomery County Board of Mental Retardation and Developmental Disabilities ("MRDD"), appeals from an order compelling the discovery of certain records requested by plaintiffs-appellees, Dustin Baker and his parents, Tom and Brenda Baker. MRDD contends that the trial court abused its discretion when it granted the Bakers' motion to compel discovery, because the MRDD records are protected from discovery by R.C. 5123.61(M), the Family Educational Rights and Privacy Act ("FERPA"), and Civ.R. 26.

{¶ 2} We conclude that the MRDD records are not protected from discovery by R.C. 5123.61(M). The MRDD records are subject to discovery, even if the records are not public records. We also conclude that pursuant to *Ellis v. Cleveland Mun. School Dist.* (N.D.Ohio 2004), 309 F.Supp.2d 1019, the MRDD records relating to allegations of abuse or neglect of students by teachers are not protected from discovery by FERPA, because the requested documents do not contain information directly relating to students. We decline to address MRDD's argument that Civ.R. 26 protects the MRDD records from discovery, because it is not properly within the scope of this appeal.

{¶ 3} Therefore, we conclude that the trial court did not abuse its discretion in granting the Bakers' motion to compel discovery. Accordingly, the order of the trial court compelling discovery is affirmed.

I

{¶ 4} Dustin Baker, a 12–year–old boy with cerebral palsy and developmental disabilities, was a student in the MRDD program at Northwood Elementary School during the 2001–2002 school year. During that time, Debra Mitchell–Waters, who was employed by MRDD as a teacher at Northwood Elementary School, was Dustin's teacher.

{¶ 5} In March 2003, Dustin Baker and his parents, Tom and Brenda Baker, filed a complaint against MRDD and Mitchell–Waters asserting claims of battery, assault, breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision, vicarious liability, breach of statutory duties to protect rights of the disabled, and loss of parental consortium.

{¶ 6} In their complaint, the Bakers alleged that Mitchell–Waters was verbally and physically abusive toward Dustin throughout the 2001–2002 school year. In particular, the Bakers alleged that when Dustin inadvertently touched Mitchell–Waters's breasts, after losing his balance and falling into her, Mitchell–Waters responded by saying, "If you want to act like a man, then I'll treat you like a man," and proceeded to grab and squeeze Dustin's testicles until he expressed pain.

{¶ 7} In April 2003, the Bakers filed their first set of combined discovery requests upon MRDD and Mitchell–Waters, which included interrogatories, requests for documents, and requests for admission. MRDD responded to the Bakers' interrogatories as follows:

{¶ 8} "4. Please identify any complaints of physical and/or verbal abuse of students by Debra Mitchell–Waters during the time in which she was employed by MRDD.

{¶ 9} "ANSWER: Objection. Some and/or all of the information requested is privileged under the Ohio Public Records Act, R.C. 5123.61, 5123.613, R.C. 5126.044, R.C. 149.43 and the Family Educational Rights and Privacy Act. This interrogatory will not be answered absent a court order or in compliance with R.C. 5123.61, 5123.613, R.C. 5126.044, R.C. 149.43.

{¶ 10} "5. Please identify any complaints of physical and/or verbal abuse of students by any teachers, aides or staff members employed by MRDD.

{¶ 11} "ANSWER: Objection. This interrogatory is vague, overbroad, unlimited in time and scope and not reasonably calculated to lead to discovery of admissible evidence. Further objecting, some and/or all of the information requested may be privileged under the Ohio Public Records Act, R.C. 5123.61, 5123.613, R.C. 5126.044, R.C. 149.43 and the Family Educational Rights and Privacy Act. Answering over objection and without waiving same, see answer to Interrogatory No. 4.

{¶ 12} "6. Please state the complainant, the case name, number, date of filing and the outcome of the claim and/or lawsuit filed against MRDD for physical and/or verbal abuse of students by teachers employed by MRDD.

{¶ 13} "ANSWER: Objection. This interrogatory is vague, overbroad, not limited in time and scope and not reasonably calculated to lead to discovery of admissible evidence. Further objecting, some and/or all of the information requested may be privileged under the Ohio Public Records Act, R.C. 5123.61, 5123.613, R.C. 5126.044, R.C. 149.43 and the Family Educational Rights and Privacy Act. Answering over objection and without waiving same, see answer to Interrogatory No. 4."

{¶ 14} The Bakers filed a motion to compel discovery, seeking an order compelling the production of the documents from MRDD. The trial court granted, in part, the Bakers' motion to compel discovery. The trial court granted the Bakers' request for documents involving any complaints of abuse or neglect of any student by Mitchell–Waters or any teacher. The trial court found that these documents were not "student education records" protected by FERPA. The trial court ordered that the identity of all students, including their medical-related information, be redacted from these documents. The trial court also granted the Bakers' request regarding documents containing allegations of abuse or neglect of Dustin Baker by Mitchell–Waters but found this matter to be moot, because MRDD had either supplied the information, or agreed to supply the information, to the Bakers. From the trial court's order compelling discovery, MRDD appeals.

## II

{¶ 15} MRDD's sole assignment of error is as follows:

{¶ 16} "The trial court abused its discretion to the prejudice of MRDD when it granted plaintiff's motion to compel discovery."

{¶ 17} MRDD contends that the trial court abused its discretion when it granted the Bakers' motion to compel discovery, because the MRDD records are protected from discovery by R.C. 5123.61(M) (FERPA) and Civ.R. 26.

{¶ 18} MRDD contends that pursuant to R.C. 5123.61(M), the Bakers are not entitled to the MRDD records, with the exception of Dustin's records, because none of them is a person who is the subject of the report, the person's legal counsel, or an agency authorized to receive information in the reports. MRDD contends that there is no exception to the statute permitting disclosure where a subpoena or court order is procured. MRDD contends that the Bakers are not entitled to the MRDD records of other students without obtaining a signed release. The Bakers contend that a release is unnecessary and that the reports should be made available pursuant to R.C. 5123.61(M) because Mitchell–Waters and MRDD are both the subject of the reports.

{¶ 19} R.C. 5123.61(M) provides: "Reports made under this section are not public records as defined in section 149.43 of the Revised Code. Information contained in the reports on request shall be made available to the person who is the subject of the report, to the person's legal counsel, and to agencies authorized to receive information in the report by the department or by a county board of mental retardation and developmental disabilities."

{¶ 20} We conclude that even if the MRDD reports are not public records, that does not mean they are privileged and hence not subject to discovery. R.C.

5123.61(M) merely exempts the MRDD reports from the scope of the Public Records Act—under which anyone can demand to see a document—while requiring, nevertheless, that the records be made available to certain persons upon request. If a document is covered by the Public Records Act, anyone can demand to see it, not just persons in litigation pursuing discovery of relevant evidence. If a document is privileged, it is privileged from discovery, even though it would otherwise constitute relevant evidence. However, there are also documents that are neither privileged nor subject to the Public Records Act (records of private organizations, for example). These documents are subject to discovery. In other words, that a document is not within the scope of the Public Records Act does not mean that it is not subject to discovery.

{¶ 21} Therefore, we conclude that the MRDD records are not protected from discovery by R.C. 5123.61(M). The MRDD records are subject to discovery, even if the records are not public records.

{¶ 22} MRDD contends that pursuant to the Family Educational Rights and Privacy Act, the Bakers are not entitled to the MRDD records, because the MRDD records are "student education records," protected from disclosure. The Bakers contend that pursuant to *Ellis v. Cleveland Mun. School Dist.* (N.D.Ohio 2004), 309 F.Supp.2d 1019, the MRDD records are not "student education records" and therefore are subject to disclosure.

{¶ 23} "FERPA protects educational records or personally identifiable information from improper disclosure. *Doe v. Woodford County Bd. of Educ.*, 213 F.3d 921, 926 (6th Cir.2000). The statute sets out conditions on the availability of federal funds for educational agencies and institutions and provides, in pertinent part, that:

{¶ 24} " 'No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information ...) of students without the written consent of their parents to any individual, agency, or organization.... '

{¶ 25} "20 U.S.C.A. §§ 1232g(a) and (b)(1). FERPA broadly defines 'education records' as 'those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.' *U.S. v. Miami University*, 294 F.3d 797, 812 (6th Cir.2002) (citing 20 U.S.C. § 1232g(a)(4)(A)). Personally identifiable information 'is narrowly defined by the Act's regulations as including only the student's name, parent's name, the student's or parent's address, social security number, or other information that

would make the student's identity easily traceable.' *Woodford County*, 213 F.3d at 926." *Ellis*, 309 F.Supp.2d at 1022.

{¶ 26} In *Ellis*, the court held that information relating to allegations of physical abuse by teachers was not protected from discovery by FERPA, because the requested documents did not contain information directly relating to the student. *Ellis*, 309 F.Supp.2d at 1023–1024. The court stated: "FERPA applies to the disclosure of student records, not teacher records. *Klein Independent Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir.1987). While it is clear that 'Congress made no content-based judgments with regard to its 'education records' definition,' *Miami University* 294 F.3d at 812, it is equally clear that Congress did not intend FERPA to cover records directly related to teachers and only tangentially related to students." Id. at 1022.

{¶ 27} The court distinguished *Miami Univ.*, supra, upon which MRDD relies, stating, "A teacher's disciplinary records and/or records containing allegations of teacher misconduct can be contrasted with student disciplinary records which the Sixth Circuit has held are 'education records' within the meaning of FERPA. *Miami University*, 294 F.3d at 812." *Ellis*, 309 F.Supp.2d at 1023, fn. 2. The court found that the information sought by the plaintiff—allegations of assault or corporal punishment of a student by a teacher—did not implicate FERPA because it did not contain information " 'directly related to a student.' " Id. at 1023. The court stated that "[w]hile these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves and are therefore not governed by FERPA." Id.

{¶ 28} The court went on to state: "Even if the records at issue in this case were 'education records' as defined by FERPA that would not necessarily end the inquiry. FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records. Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure." (Citation omitted.) *Ellis*, 309 F.Supp.2d at 1023.

{¶ 29} In this case, the trial court granted the Bakers' request for the MRDD records involving any complaints of abuse or neglect of any student by Mitchell-Waters or any teacher. Pursuant to *Ellis*, supra, we conclude that these documents, relating to allegations of abuse or neglect of students by teachers, are not protected from discovery by FERPA, because the requested documents do not contain information directly relating to students. The MRDD records

directly relate to the activities and behaviors of the teachers themselves and are, therefore, not governed by FERPA. See *Ellis,* supra.

{¶ 30} MRDD contends that Civ.R. 26 protects the MRDD records from discovery where an individual's privacy interests outweigh the probability that discovery of the records will lead to admissible evidence. MRDD contends that pursuant to Civ.R. 26, the Bakers are not entitled to the MRDD records, because the MRDD records sought by the Bakers, regarding any complaints of abuse or neglect of any students by any teacher, are not relevant to the Bakers' claims. MRDD argues that discovery should be limited in this case, because the Bakers are on a fishing expedition to find other causes of action.

{¶ 31} Although we find it noteworthy, and commendable, that the trial court in this case ordered that the identity of all students, including their medical-related information, be redacted from the MRDD records in the interests of privacy, we decline to address MRDD's argument. We conclude that MRDD's contentions are not properly within the scope of this appeal. A provisional-remedy appeal from an order compelling discovery can be predicated upon a theory that a privilege is being violated, but that right to an interlocutory appeal does not extend to an attack upon an order compelling discovery as being overly broad and burdensome, which could be remedied on an appeal after final judgment by seeking an award of fees and expenses incurred in responding to the overly broad discovery order. Therefore, we decline to address this argument made by MRDD.

{¶ 32} We conclude that the trial court did not abuse its discretion in granting the Bakers' motion to compel discovery.

{¶ 33} MRDD's sole assignment of error is overruled.

### III

{¶ 34} MRDD's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

BROGAN, P.J., and WOLFF, JJ., concur.