**VICTORY OUTREACH CENTER,**

v.

**CITY OF PHILADELPHIA.**

No. CIV.A. 00–5185.

United States District Court,
E.D. Pennsylvania.

Nov. 29, 2005.

---

**420**

⛭9.40

J. Michael Considine, Jr., West Chester, PA, for Victory Outreach Center.

Jeffrey M. Scott, City of Phila Law Dept., Philadelphia, PA, for City of Philadelphia.

## ORDER

HUTTON, Senior District Judge.

 AND NOW, this 29th day of November, 2005, upon consideration of Defendant's Motion to Quash Subpoena and/or for a Protective Order (Docket No. 130), Plaintiff's response thereto (Docket No. 131), Defendant's reply to Plaintiff's response (Docket No. 133), and Plaintiff's reply to Defendant's reply to Plaintiff's response (Docket No. 136), IT IS HEREBY ORDERED that Defendant's Motion is **GRANTED IN PART AND DENIED IN PART.**[1]

---

1. Defendant St. Joseph's University ("SJU") seeks a protective order prohibiting Plaintiff Victory Outreach from acquiring the names, addresses, social security numbers, and dates of birth for SJU alumni Katie Gallagher, Carla Tamaglia, Chris Maza, and Gregg Kirchner. These alumni were named as witnesses to the incident at issue in this case in a newspaper article entitled "Street preacher damns St. Joe's entire campus," which appeared in the March 16, 2001 issue of The Hawk newspaper.

On or about April 27, 2005, Plaintiff served Defendant with a subpoena for "Records indicating the last-known address, social security number and date of birth of Chris Maza (Class of 2004), Gregg Kirchner, Katie Gallagher and Carla Tamagni (Class of 2002) all of whom were students at SJU in March 2001." Defendant argues that the Motion to Quash the Subpoena and/or for a protective order should be granted because (1) Plaintiff's request for the names and addresses for the SJU alumni was sent almost one year past the discovery deadline set by this court, May 31, 2004, and (2) the request violates the Family Educational Rights and Privacy Act ("FERPA").

Although Plaintiff's subpoena was served on April 27, 2005, almost one year after the discovery deadline of May 31, 2004, Plaintiff's request for the names and addresses of the SJU alumni who witnessed the incident was not sent past the discovery deadline. Plaintiff first asked for this information in interrogatories sent to the Defendant during discovery. In Plaintiff's First Set of Interrogatories Addressed to Defendant SJU, Question Number 18 requests: "State the name and address of all students who witnessed the March 14 or 15, 2001 incidents." (Docket No. 132). In Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories, Defendant answered Question Number 18: "Unknown." (Docket No. 132). Even if Defendant did not know about the articles in the Hawk Newspaper at the time these interrogatories were answered, Defendant was responsible for providing this information to Plaintiff as soon as Defendant realized that the articles named student witnesses to the incident.

In Defendant's Reply Brief In Support of its Motion to Quash the Subpoena and/or for a Protective Order, Defendant states that "defendant only found out about the article when plaintiff found out. The article was sent before the discovery cut off." (Docket No. 133). This sentence implies that Defendant knew that there were student witnesses to the incident before the close of discovery. Under Rule 26 of the Federal

Rules of Civil Procedure ("Rules"), Defendant had a duty to supplement or correct its response to Plaintiff's First Set of Interrogatories once Defendant learned that the article named student witnesses. Rule 26(e)(2) states that "A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect …." Under Rule 26, Defendant had a duty to amend its interrogatories to reflect the names and addresses of all student witnesses to the incidents, for upon finding out about the articles, Defendant learned that its response to Plaintiff's interrogatory Number 18 was incorrect in a material respect.

Defendant's second argument that the court should grant its Motion for a Protective Order is that the request violates FERPA. Defendant's argument is incorrect. Under FERPA, an educational institution may release personally identifiable information contained in a student's records if the institution is subpoenaed. Furthermore, when an institution is subpoenaed, "the court or other issuing agency may order, for good cause shown, the educational agency or institution (and any officer, director,

employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena." 20 U.S.C. 1232g (b)(1)(J)(ii).

Because Plaintiff only asked in its interrogatories for the names and addresses of any SJU students who witnessed the March 14 or 15 incidents, Plaintiff is not entitled to the social security numbers and dates of birth of the SJU alumni. Therefore, the Defendant's Motion to Quash the Subpoena and/or for a Protective Order is only Granted with respect to the request for the social security numbers and dates of birth of Chris Maza, Gregg Kirchner, Katie Gallagher, and Carla Tamagni. The Defendant's Motion to Quash the Subpoena and/or for a Protective Order is Denied with respect to the request for the last known addresses of Chris Maza, Gregg Kirchner, Katie Gallagher and Carla Tamagni, because Defendant violated Rule 26 by not providing this information earlier. Furthermore, as allowed under FERPA, the court orders Defendant SJU to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena.