**IN RE SUBPOENA ISSUED TO SMITH, Dean of Students,**
**Xavier University, Seeking Certain Student Records.**

2009-Ohio-7086.]

Court of Common Pleas of Ohio,
Hamilton County.

No. M09–0967.

Decided Sept. 4, 2009.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Clay Tharpe, Assistant Prosecuting Attorney, for the state.

---

METZ, Judge.

## I. FACTS

{¶ 1} This case concerns a subpoena issued April 23, 2009, to Luther Smith, the Dean of Students of Xavier University, for the production of certain documents that may be student records. The subpoena was issued by the Clerk of Courts for the Hamilton County Grand Jury and was "issued for a law enforcement purpose," as anticipated by the Family Educational Rights and Privacy Act ("FERPA").[1] Xavier University was not ordered to keep the fact or scope of the subpoena secret. The student was given notice of the subpoena. The student has filed no motion to quash or modify the subpoena and has not filed any other motion to bar production of the records.

{¶ 2} Out of an *overabundance* of caution, Xavier University has presented the requested possible student records to the court for in-camera review. The court has reviewed the requested records.

## II. DISCUSSION OF THE LAW

### A. FERPA REQUIRES EDUCATIONAL INSTITUTIONS TO MAINTAIN CONFIDENTIALITY OF DEFINED "STUDENT RECORDS."

{¶ 3} The Family Educational Rights and Privacy Act[2] requires educational institutions, as a condition of receiving federal funding, to maintain the confidentiality of student records. Subject to enumerated exceptions, no policy or practice of making disclosure without consent of the student is permitted.

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization * * *.[3]

---

1. Section 1232g(b)(1)(J)(ii), Title 20, U.S.Code.

2. Section 1232g, Title 20, U.S.Code.

3. Section 1232g(b)(1), Title 20, U.S.Code.

Thus, FERPA does not absolutely prohibit disclosure of educational records but "imposes a financial penalty for the unauthorized disclosure of educational records." [4]

{¶ 4} While the statutory language refers repeatedly to rights of the parents, most of the parent's rights under that act transfer to the student at age 18 or upon enrollment in a postsecondary educational institution.[5] Accordingly, where consent is required for college records, that consent must ordinarily come from the student.

{¶ 5} Not all documents relating to a student and maintained by an educational institution are "student records"[6] as defined in the act. The statute contains several express exclusions, including records maintained by a law-enforcement unit of the educational agency or institution.[7] Some of the records requested here might in fact be law-enforcement unit records. Moreover, the Ohio Supreme Court has held that disciplinary-hearing records are not student records under FERPA.[8] The subpoena issued here, however, makes the distinction immaterial.

B. FERPA CREATES NEITHER A PRIVILEGE NOR A QUALIFIED IMMUNITY FROM PRO-
DUCTION OF STUDENT RECORDS.

{¶ 6} Early on, educational institutions argued that FERPA created a privilege immunizing all student-identifying information from disclosure.[9] It does not.[10] Nothing in FERPA limits the discoverability of education records.[11]

---

4. *Baker v. Mitchell–Waters* (2005), 160 Ohio App.3d 250, 256, 826 N.E.2d 894.

5. Section 1232g(d), Title 20, U.S.Code.

6. See Section 1232g(a)(4)(A), Title 20, U.S.Code.

7. Section 1232g(a)(4)(B), Title 20, U.S.Code.

8. *State ex rel. The Miami Student v. Miami Univ.* (1997), 79 Ohio St.3d 168, 680 N.E.2d 956 (applying Ohio's public records law).

9. See *Rios v. Read* (E.D.N.Y.1977), 73 F.R.D. 589.

10. *Rios,* 73 F.R.D. 589; *Catrone v. Miles* (Ct.App.2007), 215 Ariz. 446, 160 P.3d 1204 (FERPA creates no independent privilege for educational records); *Zaal v. State* (1992), 326 Md. 54, 602 A.2d 1247, ("[FERPA] did not * * * create a privilege against disclosure of student records to be invoked by the school, the student, or his or her parents"); *Gaumond v. Trinity Repertory Co.* (R.I.2006), 909 A.2d 512.

11. *Ragusa v. Malverne Union Free School Dist.* (E.D.N.Y.2008), 549 F.Supp.2d 288; *Rios,* 73 F.R.D. 589; *Baker,* 160 Ohio App.3d at 256, 826 N.E.2d 894; *Vandiver v. Star–Telegram, Inc.* (Tex.App.1988), 756 S.W.2d 103.

{¶ 7} It has also been suggested (in this case) that FERPA requires a showing of "good cause" before the court may order records produced—i.e., a kind of qualified immunity similar to that accorded work product in civil actions. To that end, Xavier University submitted the requested documents to the court for in camera review. The court has spent substantial time reviewing the records.

{¶ 8} Some federal district courts have said that a party seeking access to student records must demonstrate a genuine need for the information sought, and that need must outweigh the privacy interests of the student. These courts would place a "significantly heavier burden" on discovery of education records than the discovery of other kinds of information.[12]

{¶ 9} But these courts themselves acknowledge that the "Act does not by its terms limit discovery of school records."[13] They construct their argument for this "heavier burden" on statements from the legislative history. But that legislative history does not itself relate to subpoenaed production of records.[14] This purported heavier burden is inconsistent with the fact that the statute permits disclosure in order to comply with "any validly issued subpoena" and with the reality that any attorney or the clerk of courts may validly issue subpoenas without any prior judicial authorization. It would impose a burden on the parties and the courts that is inconsistent with FERPA's regard for judicial process.

{¶ 10} FERPA itself does not create any qualified immunity from discovery. It creates only a right to confidentiality of student records. This right of confidentiality is of the same kind as rights to protect trade secrets and other confidential business information.[15] The records remain subject to subpoenas, state or federal and in both civil and criminal cases. If a student, notified of a pending subpoena, desires to prevent disclosure, he or she must seek a protective order or an order modifying or quashing the subpoena.[16]

C. What FERPA permits and does require—notice to student or parents

1. General Rule

{¶ 11} Both FERPA and its implementing regulations expressly permit the production of student records in compliance with "judicial order" or "any lawfully

---

12.  See *Rios*, 73 F.R.D. at 599; accord *Ellis v. Cleveland Mun. School Dist.* (N.D.Ohio 2004), 309 F.Supp.2d 1019, 1024.

13.  *Rios*, 73 F.R.D. at 599.

14.  Id.

15.  See, e.g., *Catrone*, 160 P.3d at 1211–1212; But cf. *Rios*, 73 F.R.D. at 599.

16.  *DeFeo v. McAboy* (E.D.Mo.2003), 260 F.Supp.2d 790, 793; see *Victory Outreach Ctr. v. Philadelphia* (E.D.Pa.2005), 233 F.R.D. 419, 420, fn. 1.

issued subpoena." [17] (Emphasis added.) Student consent is not required when a judicial order or subpoena requires production of records.[18]

{¶ 12} The applicable regulation provides:

(a) (a) An educational agency or institution may disclose personally identifiable information from an education record of a student without * * * consent * * * if the disclosure meets one or more of the following conditions:

* * *

(9) (i) The disclosure is to comply with a judicial order or lawfully issued subpoena.

(ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action.[19]

{¶ 13} In general, only two things are required of a college or university that receives a subpoena. First, it must assure itself as to the facial validity of the subpoena or order.[20] Then it must make a reasonable attempt to give notice to the student in sufficient time to allow a student to seek a protective order.[21] The type of notice required will depend on the circumstances of each case.[22]

{¶ 14} The school has no obligation under FERPA to oppose an order or seek to quash a subpoena.[23] Notice to the student or parents gives them the opportunity to bring before the court any objection they have to the requested disclosure and production. This opportunity has been afforded here, and the

---

17. Section 1232g(b)(2)(B), Title 20, U.S.Code.

18. Id.; cf. Section 1232g(b)(2)(A), Title 20, U.S.Code (written consent is alternative to subpoena).

19. 34 C.F.R. 99.31(a).

20. See, e.g., *MacKenzie v. Ochsner Clinic Found.* (Aug. 20, 2003), E.D.La. No. 02–3217, 2003 WL 21999339 (finding that a subpoena issued to the educational institution seeking student records was defective and without merit); see also Letter from United States Dept. of Edn. to Yale University, FERPA Online Library (May 26, 1995), *http://www.ed.gov/policy/gen/guid/fpco/ferpa/library/ferpayale.html.*

21. Section 1232g(b)(2)(B), Title 20, U.S.Code; 34 C.F.R. 99.31(a)(9)(ii) ("reasonable effort").

22. *Rios,* 73 F.R.D. at 601.

23. Cf. 5–13 EDUCATION LAW Section 13.04(3)(c)(ii) ("it is unlikely that there is an obligation to oppose an order or seek to quash a subpoena. Providing notice to parents and students affords them the opportunity to pursue objections").

student has not sought to bar production of any of the records by a motion to quash or modify the subpoena.

## 2. Exception to Notice Requirement—Subpoenas for Law Enforcement Purposes

{¶ 15} Under limited circumstances, FERPA permits disclosure or production without notice to the student. Federal grand jury subpoenas and other subpoenas for "law enforcement purposes" may be issued under a court order that the subpoena or its contents to be kept secret.[24] The court "shall"[25] or "may"[26] issue such secrecy orders only "for cause shown."

{¶ 16} Thus, the only time that FERPA mandates a preorder/presubpoena judicial determination of "cause" is when the prosecutor is seeking a secrecy order in connection with a subpoena for law-enforcement purposes. The prosecutor here has sought no such secrecy order. Accordingly, no showing of cause is required.

## III. Conclusions

{¶ 17} For all of the foregoing reasons, the court finds that the subpoena was lawfully issued. The student has been notified of the subpoena and has made no request to quash or modify the subpoena or otherwise to bar disclosure of the requested information.

{¶ 18} FERPA does not require the university to oppose production on its student's behalf or to seek to obtain a judicial order before complying with a validly issued subpoena. At least where the student has received notice, such a procedure wastes financial resources of the university, requires the court to spend time on an essentially advisory opinion (where production is unopposed), and unnecessarily delays law enforcement. In the ordinary case, the procedure mandated in the express terms of FERPA makes more sense. The educational institution complies with FERPA and the subpoena or order of the court if it (1) verifies the validity of the subpoena or order, (2) makes a reasonable effort to give notice to the student, and then (3) complies with the subpoena in the ordinary course.

{¶ 19} It is hereby ordered:

---

24.  Section 1232g(b)(1)(J), Title 20, U.S.Code.

25.  Id. (i) (Federal grand jury subpoena).

26.  Id. (ii) (other subpoena for a law-enforcement purpose).

52

1. The requested documents that have been supplied to the court are properly turned over to the prosecutor for presentation to the grand jury.

So ordered.