[Cite as *Rastaturin v. 3165 Curtis Knoll Drive, L.L.C.*, 2024-Ohio-1378.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alexey Rastaturin et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 23AP-500 |
| v. | : | (M.C. No. 2022CVI-39009) |
| 3165 Curtis Knoll Drive, LLC, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

———————

D E C I S I O N

Rendered on April 11, 2024

———————

**On brief:** *Alexey Rastaturin*, pro se. **Argued:** *Alexey Rastaturin.*

———————

APPEAL from the Franklin County Municipal Court

LELAND, J.

{¶ 1} Plaintiffs-appellants, Alexey Rastaturin and Kristina Rastaturina (individually, "Alexey" and "Kristina"; collectively, "appellants"), appeal from a judgment of the Franklin County Municipal Court adopting the magistrate's decision and denying appellants' objection thereto. The magistrate's decision found in favor of defendant-appellee, 3165 Curtis Knoll Drive, LLC, on both appellants' complaint and appellee's counterclaims.

**I. Facts and Procedural History**

{¶ 2} On August 20, 2021, appellants signed a residential rental agreement ("lease") with appellee for 3165 Curtis Knoll Drive, a property located in Dublin. The lease specified the rental term would expire on July 31, 2022. Appellants paid appellee a security deposit in the amount of $1,900 to reimburse appellee in the event appellants caused damage or a "loss of value" to the premises during the lease term. (Rental Agreement at

¶ 9.) Furthermore, if the damage or loss of value exceeded the value of the security deposit, the lease required appellants to reimburse appellee "upon presentation of a bill." (Rental Agreement at ¶ 9.) The lease referred to appellants "jointly and severally" as "Tenant." (Rental Agreement at 1.) It also included the following provision:

> Unless another lease is signed by the parties hereto or unless written notice of termination is given by one party to the other thirty (30) days before expiration of the term of this Lease, this Lease shall be automatically renewed on a month-to-month basis and may be terminated thereafter by either party upon the giving of written notice to the other party thirty (30) days prior to the next periodic rental due date. Termination shall take place only on the last day of any given month unless otherwise agreed to in writing.

(Rental Agreement at ¶ 1.) The lease "shall not be modified, changed, altered or amended in any way except through a written amendment signed by all of the parties." (Rental Agreement at ¶ 30.)

{¶ 3} On May 4, 2022, Alexey sent an e-mail message to Bradley Block, the authorized representative for appellee, that provided "formal notice of intent to vacant [sic] the property" at the close of the lease term on July 31, 2022. That same day, Block confirmed receipt of the notice to vacate. On July 1, 2022, Kristina sent Block a text message that read as follows: "we are going to stay in the house month by month…probably will stay till [sic] the end of May 2023." Block responded that same day: "we aren't doing month-to-month leases any longer. It is fine for August but we would need a lease renewal in place for after that. * * * Please let me know what you would like to do." On July 9, 2022, Block sent a text message to Kristina reiterating his prior message and asking to know her answer "as soon as possible otherwise will have to send a lease termination notice if nothing concluded by July 15th." Later that day, Alexey responded via text message on Kristina's behalf: "seems we will need to renew our lease till [sic] the end of June 2023." On July 11, 2022, Block sent appellants a lease renewal form. Block testified that Alexey called him on July 12, 2022 "to rescind their July 1st and July 9th revocation of the intent to vacate" and instead follow their original plan to vacate by the end of July. (Tr. at 11.) Block rejected this revocation, citing the lease's requisite 30-day notice of intent to vacate. However, he offered a compromise in which appellants would initially pay the August rent, and Block

would promptly re-let the property and remit to appellants any August rent paid by the new tenant. Appellants vacated the premises on July 24, 2022 and refused to pay the August rent. Block claimed appellee retained the $1,900 security deposit to offset the lost August rent and to repair any damage to the property.

{¶ 4} On February 9, 2023, appellants filed a claim in the Franklin County Municipal Court to recover $3,800, or double the value of their security deposit. Appellee filed a counterclaim, seeking $158 to compensate for lost rent and property damage—a great portion of which was already covered by the $1,900 security deposit. The matter was referred to a magistrate who held a hearing on April 13, 2023 with testimony from Alexey, Kristina, and Block. The magistrate issued a decision on April 18, 2023, finding in favor of appellee on all claims and ordering appellants to pay appellee $158 plus court costs and interest. The trial court adopted the magistrate's decision on April 27, 2023. On May 8, 2023, appellants filed an objection to the magistrate's decision. On July 18, 2023, the trial court entered an order denying appellants' objection.[1]

{¶ 5} Appellants timely appealed.

## II. Assignments of Error

{¶ 6} Appellants present the following three assignments of error for our review:

[I.] The trial court erred as a matter of law in allowing modification of the lease agreement in direct contravention of the lease's explicit requirement for a written amendment signed by all parties.

[II.] The trial court erred in finding that a mutual agreement existed to continue a month-to-month tenancy, despite the absence of consent from all of the parties.

[III.] The trial court erred in finding that the plaintiffs rescinded their notice to terminate the lease, despite the absence of mutual consent from all of the parties.

---

[1] Appellants filed their objection to the magistrate's decision after the 14 days permitted under Civ.R. 53(D)(3)(b)(i) had elapsed. For the purposes of this appeal, we presume the trial court sua sponte granted appellants leave to file delayed objections to the magistrate's decision. *See* Civ.R. 6(B) and 53(D)(3)(b)(i).

### III. Standard of Review

{¶ 7} An appellate court reviews the trial court's decision to adopt, reject, or modify the magistrate's decision under an abuse of discretion standard. *Altercare of Canal Winchester Post-Acute Rehab. Ctr., Inc. v. Turner*, 10th Dist. No. 18AP-466, 2019-Ohio-1011, ¶ 14, citing *Tedla v. Al-Shamrookh*, 10th Dist. No. 15AP-1094, 2017-Ohio-1021, ¶ 11; *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 16; and *Gallick v. Benton*, 10th Dist. No. 18AP-171, 2018-Ohio-4340, ¶ 15. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 8} "The interpretation and construction of a written contract are questions of law." *Hanuman Chalisa, L.L.C. v. BoMar Contracting, Inc.*, 10th Dist. No. 20AP-406, 2022-Ohio-1111, ¶ 14, citing *Alexander v. Buckeye Pipeline Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. We review questions of law under a de novo standard of review, meaning we do not defer "to a trial court's interpretation of legal issues." *Id.*, quoting *Gatling Ohio, L.L.C. v. Allegheny Energy Supply Co., L.L.C.*, 10th Dist. No. 17AP-188, 2018-Ohio-3636, ¶ 12, citing *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9.

### IV. Analysis

#### A. First Assignment of Error

{¶ 9} In their first assignment of error, appellants argue the lease required a written amendment signed by all parties before they could rescind their notice of termination. By finding otherwise, appellants contend, the trial court erred as a matter of law.

{¶ 10} Appellants seemingly equate a recission of the notice of termination with a formal amendment to the lease. Although appellants are correct that amending the lease would require a writing signed by all parties, rescinding the notice of termination in this case was not a lease amendment. By its original terms, the lease made certain that without a new lease or timely notice of termination, it would by default transform into a month-to-month tenancy. Appellants initially provided timely notice of termination, but subsequently both Kristina and Alexey messaged appellee expressing their intention to continue renting

the property. Though they had yet to finalize an agreement to extend their lease, these written statements reasonably caused appellee to believe appellants would continue renting the property. For that reason, the statements negated Alexey's initial notice of termination. By the time they changed their minds again, it was too late to provide timely notice, causing the lease to default to the month-to-month arrangement. Because the lease already accounted for a scenario in which the parties neither signed a new lease nor provided timely notice, the present case simply did not implicate any amendment to the lease. Thus, the parties were not obliged to sign a written amendment to initiate the transition to a month-to-month tenancy.

{¶ 11} Appellants failed to demonstrate the trial court erred in concluding they rescinded their notice of termination. Accordingly, appellants' first assignment of error is overruled.

### B. Second Assignment of Error

{¶ 12} In their second assignment of error, appellants allege the trial court erred in finding all parties consented to a month-to-month tenancy.

{¶ 13} The lease specifies it "shall be automatically renewed on a month-to-month basis" in the event the parties fail to either sign a new lease or provide a written notice of termination at least 30 days before July 31, 2022. (Rental Agreement at ¶ 1.) As already described, appellants invalidated their initial notice of termination by informing appellee they changed their minds and planned to remain at the property. By the time appellants again reversed course and decided to leave, it was too late to provide timely notice, and, as a result, the lease by its explicit terms automatically renewed for the month of August. The parties all consented to this automatic renewal by signing the lease. Once the lease was finalized, no additional mutual agreement was needed to activate this provision—rather, the new arrangement would begin "automatically" upon either party's failure to provide timely notice of termination. The renewal was simply the execution of a provision to which all parties had previously consented.

{¶ 14} The trial court correctly determined the parties consented to a month-to-month tenancy in the absence of a new lease or timely notice of termination. Accordingly, appellants' second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 15} In their third assignment of error, appellants dispute the trial court's conclusion that all parties consented to rescinding the termination of the lease.

{¶ 16} As previously described, after Alexey's notice of termination, Kristina sent a text message to Block expressing her desire to continue renting the property on a month-to-month basis. Alexey also messaged Block: "seems we will need to renew our lease till [sic] the end of June 2023." In other words, both Kristina and Alexey independently expressed their desire to rescind the notice of termination. The fact they requested different types of lease extensions—a month-to-month tenancy versus a yearlong lease renewal—is irrelevant. For purposes of determining whether appellants rescinded the notice of termination, all that mattered was they expressed to appellee their intention to continue renting the property. Both appellants did so, and it is thereby apparent they both consented to rescinding their initial notice.

{¶ 17} The trial court did not err in finding appellants rescinded their notice of termination. Accordingly, appellants' third assignment of error is overruled.

## V. Conclusion

{¶ 18} Having overruled appellants' three assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____