[Cite as *Maleky v. Ohio State Univ., Office of Compliance & Integrity*, 2024-Ohio-5825.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Farnaz Maleky, | : | |
| Requester-Appellee/<br>Cross-Appellant, | : | |
| | : | No. 24AP-282 |
| v. | | (Ct. of Cl. No. 2023-00637PQ) |
| | : | |
| The Ohio State University, Office of<br>[Compliance] and Integrity, | : | (ACCELERATED CALENDAR) |
| Respondent-Appellant/<br>Cross-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 12, 2024

**On brief:** *Farnaz Maleky*, pro se. **Argued:** *Farnaz Maleky*.

**On brief:** *Dave Yost*, Attorney General, and *Regina J. Mendicino Dwyer*, for The Ohio State University. **Argued:** *Regina J. Mendicino Dwyer*.

APPEAL from the Court of Claims of Ohio

LELAND, J.

{¶ 1} Respondent-appellant/cross-appellee, The Ohio State University, ("OSU"), appeals from a judgment of the Court of Claims of Ohio ordering OSU to produce unredacted copies of documents requested by requester-appellee/cross-appellant, Farnaz Maleky.

**I. Facts and Procedural History**

{¶ 2} On September 28, 2023, Maleky filed a complaint purportedly signed by attorney Fred Gittes alleging violations of the Ohio Public Records Act pursuant to

R.C. 149.43 and 2743.75(D). According to the complaint, OSU received two records requests, one on September 22, and another on October 4, 2022. The complaint noted OSU partially redacted some of the records in its response to these requests, resulting in allegations that it failed to fully comply with the requests. On October 5, 2023, Gittes informed the court he did not represent Maleky and that his name was placed on the public records complaint without his knowledge or authorization. On October 6, 2023, Maleky filed a pro se complaint, and the court's special master then ordered the dismissal of Gittes as a party to the case. On October 30, 2023, Maleky filed a document describing her public records requests, and on January 5, 2024, the special master interpreted that filing as an amended complaint. OSU moved to dismiss the original September 28, 2023 complaint on November 7, 2023.

{¶ 3} On February 15, 2024, after the court remanded an initial report and recommendation back to the special master, the special master filed a supplemental report and recommendation. That filing determined Maleky had been a faculty member at OSU before accusations of misconduct caused OSU to investigate and ultimately impose sanctions against Maleky. The special master concluded OSU was required to provide Maleky with unredacted copies of the requested records, and the court overruled all objections and adopted the supplemental report and recommendation. In overruling OSU's objection that asserted the Family Education Rights and Privacy Act ("FERPA") mandated the redaction of personally identifiable student information from the records prior to their release, the court cited *Ellis v. Cleveland Mun. School Dist.*, 309 F.Supp.2d 1019 (N.D.Ohio 2004) for the proposition that FERPA does not prevent the disclosure of the names of victims. The court also cited *State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, as a reminder that exceptions to the disclosure of records under the Public Records Act, R.C. 149.43, are strictly construed against the record custodian and that only upon showing a record falls "within certain exceptions to disclosure" can the custodian withhold it. *Carr* at ¶ 30, citing *State ex rel. Beacon Journal Publishing Co. v. Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, ¶ 23. In sum, the court rejected OSU's contention that FERPA demanded the redaction of students' personally identifiable information in this instance, thereby requiring OSU to release all requested records without redaction.

{¶ 4} OSU timely appeals. Maleky timely cross appeals.

## II. Assignments of Error

{¶ 5} OSU assigns the following error for our review:

> The Court of Claims erred when it held that student information contained in employee disciplinary records cannot be redacted under the Family Education Rights and Privacy Act ("FERPA") when those records are requested under the Ohio Public Records Act.

> Maleky assigns the following two cross-assignments of error for our review:

> [I.] The Judge's Supplementary Decision and Final Entry issued on March 27, 2024 [Exhibit A], only provided page numbers referencing the under-seal in-camera documents submitted by the Respondent of that case. Since as the Requester of that case I do not have access to the title or subject of each in-camera page, it is challenging to identify the documents that the Respondent of that case is required to submit. Moreover, it is unclear which requested public records were disregarded by the judge, and the reasons for such decisions, and the rules guiding such actions are not clearly explained.

> [II.] The Judge's Decision & Entry issued on February 9, 2024 [Exhibit B], partially upheld and partially overruled the objection of the case's Requester [Dr. Maleky] to the Special Master's Report and Recommendation (issued on January 5, 2024). In that decision, the Judge did not address several requested public records that the Special Master had omitted from their consideration.

## III. Analysis

{¶ 6} Neither assignment of error in Maleky's cross appeal alleges reversible error. Maleky's first assignment of error points out that because the records held by OSU were reviewed in camera, Maleky cannot know which records the court is referencing in its decision. Maleky also complains the special master's supplemental report and recommendation to the court omitted certain page numbers of records, and, as a result, Maleky suspects some records were withheld due to FERPA.

{¶ 7} Maleky, as cross appellant, "bears the burden of affirmatively demonstrating error on appeal." *White v. Cent. Ohio Gaming Ventures, L.L.C.*, 10th Dist. No. 18AP-780, 2019-Ohio-1078, ¶ 25, citing *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887,

¶ 37. Requester, "not this court, must construct the legal arguments in support of [her] assignments of error." *Id.*, citing *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, and *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10. It is not this court's duty to divine a rationale to support an assignment of error. *Id.*, citing *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, citing *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10.

{¶ 8} Here, Maleky's first assignment of error fails to allege error in the court's adoption of the special master's supplemental report and recommendation. Although Maleky is proceeding pro se, "[i]t is well-established that pro se litigants are expected to possess knowledge of the law and legal procedures and, accordingly, are held to the same standard as litigants who have legal representation." *JPMorgan Chase Bank, N.A. v. Cloyes*, 10th Dist. No. 20AP-107, 2021-Ohio-3316, ¶ 9, citing *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22, and *Ward v. Ward*, 10th Dist. No. 20AP-381, 2021-Ohio-2571, ¶ 5. Maleky seeks access to the in camera records to ensure the case is proceeding properly, yet the very intent of the court's in camera review of the records is to shield her from accessing those documents. Maleky provided no other information that would enable this court to find error below. Thus, we find no error in Maleky's lack of immediate access to confidential records.

{¶ 9} In a secondary argument put forth in her first assignment of error, Maleky complained some records were omitted from the court's review, causing her to suspect the court improperly withheld such records under FERPA. Nothing in the record before us comports with Maleky's fear—in fact, the court rejected OSU's attempt to redact student information on the basis of FERPA. Furthermore, the court already explained that it would not review records requested via email by her previous attorney because that request was not included in her October 30, 2023 amended complaint. In short, Maleky failed to present any cognizable claim of error. Accordingly, Maleky's first assignment of error is overruled.

{¶ 10} Maleky's second assignment of error suffers the same deficiencies as the first. She again objects to the court's decision to consider only the records requested in the amended complaint, but fails to explain how that decision constitutes prejudicial error.

Treating Maleky equally to a represented party, we conclude she failed to establish error in the court below. Accordingly, Maleky's second assignment of error is overruled.

{¶ 11} Having overruled Maleky's two assignments of error in her role as cross appellant, we now turn to appellant OSU's sole assignment of error. OSU contends the court erred by concluding employee disciplinary records requested via Ohio's Public Records Act, R.C. 149.43, cannot be redacted pursuant to FERPA even when such records "contain information directly related to a student." 20 U.S.C. 1232g(a)(4)(A)(i). FERPA defines "education records" as "those records, files, documents, and other materials which—(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. 1232g(a)(4)(A). The court found that while the requested records would seemingly meet FERPA's broad definition of education record, they are exempted as non-student employee records. Under FERPA:

> The term "education records" does not include—
>
> (iii) in the case of persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose.

20 U.S.C. 1232g(a)(4)(B)(iii). The court cited *Ellis* to support its contention that records generated in connection with proceedings addressing educator misconduct are not education records protected by FERPA. According to *Ellis*, "[s]uch records do not implicate FERPA because they do not contain information 'directly related to a student.' " *Ellis* at 1023, quoting 20 U.S.C. 1232g(a)(4)(A). The Supreme Court of Ohio, however, has held that records merely need to "contain information identifying student[s]" in order to directly relate to students. *State ex rel. ESPN v. Ohio State Univ.*, 132 Ohio St.3d 212, 218-19, 2012-Ohio-2690, ¶ 30. Records maintained by a school thus "generally constitute 'education records' subject to FERPA" so long as they contain information identifying students. *Id.*

{¶ 12} We agree with the reasoning in *ESPN*. *Ellis* incorrectly classifies non-student employee records as universally excepted from FERPA's protection, claiming "Congress did not intend FERPA to cover records directly related to teachers and only tangentially related

to students." *Ellis* at 1022, citing *Bauer v. Kincaid*, 759 F.Supp. 575, 591 (W.D.Mo.1991). This sentiment derives not from any statutory language, but rather from a federal district court's overreliance on the legislative history preceding the passage of FERPA. *See Bauer* at 591 (describing the legislative history of FERPA as "limited" while also broadly concluding "[n]othing in the legislative history of FERPA refers to a policy or intent to protect campus law enforcement unit records which contain student names or other personally identifiable information"). Such speculation is not how courts ought to interpret the law. "When interpreting statutory provisions, 'our paramount concern is the legislative intent in enacting the statute.' " *Thomas v. Logue*, 10th Dist. No. 21AP-385, 2022-Ohio-1603, ¶ 11, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21, citing *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, ¶ 12. " 'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.' " *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, ¶ 14, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). We thus begin "with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1 (1962). FERPA excepts from its coverage "records made and maintained in the normal course of business which relate exclusively to" non-student employees. 20 U.S.C. 1232g(a)(4)(B)(iii). This means the application of the employee record exception is limited to records that "relate exclusively" to the employee and no one else. 20 U.S.C. 1232g(a)(4)(B)(iii). Congress could have excepted records that relate *mostly* to non-student employees, but instead, it chose to except records that "relate *exclusively*" to non-student employees. (Emphasis added.) 20 U.S.C. 1232g(a)(4)(B)(iii). The conclusion in *Ellis* that employee records that "tangentially relate[]" to students can still qualify for the employee record exception, despite the self-evident fact that such records do not "relate exclusively" to the employee, reveals the *Ellis* decision lacks support from the actual text of FERPA *Ellis* at 1022-23; 20 U.S.C. 1232g(a)(4)(B)(iii). Our interpretation of FERPA is faithful to the letter of the law and requires no legislative history guesswork.

{¶ 13} The documents in the case now before us include personally identifiable information of OSU students. "Thus," just as in *ESPN*, "the records here are education

records in that they contain information that is directly related to students." *ESPN* at ¶ 31. The court erred by ordering OSU to provide unredacted copies of education records to Maleky, whereas OSU properly attempted to comply with FERPA by redacting the personally identifying information of its students. Accordingly, OSU's sole assignment of error is sustained.

## IV. Conclusion

{¶ 14} Having overruled Maleky's two cross-assignments of error and having sustained OSU's sole assignment of error, we reverse the judgment of the Court of Claims of Ohio and remand this case to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*;
*cause remanded.*

DORRIAN and EDELSTEIN, JJ., concur.

———————