[Cite as *Maleky v. Ohio State Univ., Office of Compliance & Integrity*, 2026-Ohio-890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Farnaz Maleky, | : | |
| Requester-Appellant, | : | |
| | : | No. 25AP-304 |
| v. | : | (Ct. of Cl. No. 2023-00637PQ) |
| Ohio State University, Office of [Compliance] and Integrity, | : | (ACCELERATED CALENDAR) |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 17, 2026

**On brief:** *Farnaz Maleky*, pro se. **Argued:** *Farnaz Maleky*.

**On brief:** *Dave Yost*, Attorney General, *Regina J. Mendicino Dwyer*, and *Elizabeth H. Smith*, for appellee. **Argued:** *Elizabeth H. Smith*

APPEAL from the Court of Claims of Ohio

JAMISON, J.

{¶ 1} Requester-appellant, Farnaz Maleky, appeals from the February 21, 2025 judgment entry of the Court of Claims of Ohio entering judgment in favor of respondent-appellee, Ohio State University, Office of Compliance and Integrity ("OSU"), following remand from this court. For the following reasons, we affirm the judgment of the Court of Claims.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} This matter is before this court on appeal from the judgment entry issued by the Court of Claims following our remand of the matter in *Maleky v. Ohio State Univ.*,

*Office of Compliance & Integrity*, 2024-Ohio-5825 (10th Dist.).  In that decision, we set forth the facts and procedural history of this case.  We stated:

> On September 28, 2023, Maleky filed a complaint purportedly signed by attorney Fred Gittes alleging violations of the Ohio Public Records Act pursuant to R.C. 149.43 and 2743.75(D). According to the complaint, OSU received two records requests, one on September 22, and another on October 4, 2022. The complaint noted OSU partially redacted some of the records in its response to these requests, resulting in allegations that it failed to fully comply with the requests. On October 5, 2023, Gittes informed the [Court of Claims] he did not represent Maleky and that his name was placed on the public records complaint without his knowledge or authorization. On October 6, 2023, Maleky filed a pro se complaint, and the court's special master then ordered the dismissal of Gittes as a party to the case. On October 30, 2023, Maleky filed a document describing her public records requests, and on January 5, 2024, the special master interpreted that filing as an amended complaint. OSU moved to dismiss the original September 28, 2023 complaint on November 7, 2023.
>
> On February 15, 2024, after the [Court of Claims] remanded an initial report and recommendation back to the special master, the special master filed a supplemental report and recommendation. That filing determined Maleky had been a faculty member at OSU before accusations of misconduct caused OSU to investigate and ultimately impose sanctions against Maleky. The special master concluded OSU was required to provide Maleky with unredacted copies of the requested records, and the court overruled all objections and adopted the supplemental report and recommendation. In overruling OSU's objection that asserted the Family Education Rights and Privacy Act ("FERPA") mandated the redaction of personally identifiable student information from the records prior to their release, the court cited *Ellis v. Cleveland Mun. School Dist.*, 309 F.Supp.2d 1019 (N.D. Ohio 2004) for the proposition that FERPA does not prevent the disclosure of the names of victims. The court also cited *State ex rel. Carr. v. Akron*, . . . 2006-Ohio-6714, . . . as a reminder that exceptions to the disclosure of records under the Public Records Act, R.C. 149.43, are strictly construed against the record custodian and that only upon showing a record falls "within certain exceptions to disclosure" can the custodian withhold it. *Carr* at ¶ 30, citing *State ex rel. Beacon Journal Publishing Co. v. Akron*, . . . 2004-Ohio-6557, ¶ 23 . . . In sum, the [Court of Claims] rejected

OSU's contention that FERPA demanded the redaction of students' personally identifiable information in this instance, thereby requiring OSU to release all requested records without redaction.

*Maleky* at ¶ 2-3.

{¶ 3}  OSU appealed, alleging the following assignment of error:

The Court of Claims erred when it held that student information contained in employee disciplinary records cannot be redacted under the Family Education Rights and Privacy Act ("FERPA") when those records are requested under the Ohio Public Records Act.

*Id.* at ¶ 5.

{¶ 4}  Maleky also appealed and alleged two cross-assignments of error:

[I.] The Judge's Supplementary Decision and Final Entry issued on March 27, 2024 [Exhibit A], only provided page numbers referencing the under-seal in-camera documents submitted by the Respondent of that case. Since as the Requester of that case I do not have access to the title or subject of each in-camera page, it is challenging to identify the documents that the Respondent of that case is required to submit. Moreover, it is unclear which requested public records were disregarded by the judge, and the reasons for such decisions, and the rules guiding such actions are not clearly explained.

[II.] The Judge's Decision & Entry issued on February 9, 2024 [Exhibit B], partially upheld and partially overruled the objection of the case's Requester [Dr. Maleky] to the Special Master's Report and Recommendation (issued on January 5, 2024). In that decision, the Judge did not address several requested public records that the Special Master had omitted from their consideration.

(Brackets in original.)  *Id.*

{¶ 5}  In our December 12, 2024 decision, we first determined that neither of Maleky's cross-assignments of error alleged reversible error.  *Maleky* at ¶ 6.  Regarding her first assignment of error, we found that "Maleky seeks access to the in camera records to ensure the case is proceeding properly, yet the very intent of the court's in camera review of the records is to shield her from accessing those documents.  Maleky provided no other information that would enable this court to find error below."  *Id.* at ¶ 8.  We also

determined that the record did not support Maleky's fear that OSU was improperly withholding records under FERPA. *Id.* at ¶ 9. It should also be noted that the Court of Claims explained that it would not review records requested via email by Maleky's previous attorney and not included in her amended complaint. *Id.* As such, we determined Maleky's first cross-assignment of error failed to state a cognizable claim of error. *Id.*

**{¶ 6}** As for her second cross-assignment of error, we found that Maleky failed to demonstrate that the Court of Claims' decision to disregard records not included in her amended complaint constitute prejudicial error. *Maleky* at ¶ 10.

**{¶ 7}** Having overruled both of Maleky's cross-assignments of error, we addressed OSU's sole assignment of error. Ultimately, we reversed and remanded the Court of Claims' decision for "further proceedings in accordance with law and consistent with [our] decision." *Maleky* at ¶ 14. In doing so, we found that "OSU properly attempted to comply with FERPA by redacting the personally identifying information of its students." *Id.* at ¶ 13.

**{¶ 8}** Following remand, the Court of Claims issued a judgment entry stating that "[i]n accordance with the Tenth District Court of Appeals' mandate, judgment is entered in favor of Respondent since, based on *Maleky*, no further action needs to be taken by Respondent in this matter." (Feb. 21, 2025 Jgmt. Entry at 1-2.) Maleky now brings this appeal.

## II. ASSIGNMENTS OF ERROR

**{¶ 9}** Maleky assigns the following as trial court errors:

> [1.] The Court of Claims erred on February 21, 2025, in its interpretation of the Tenth District Court of Appeals' December 12, 2024, decision. The appellate court reversed solely on the limited issue of Family Educational Rights and Privacy Act (FERPA) redactions and remanded the case "for further proceedings." The trial court's entry of final judgment on all claims did not account for additional, unresolved issues that were neither addressed nor decided by the appellate court.

> [2.] The Court of Claims did not adjudicate Requester's remaining claims unrelated to FERPA, including:
> - Redactions based on attorney-client privilege that were not the subject of Respondent's appeal
> - Withholding of responsive records without a proper certification of nonexistence
> - Procedural concerns related to the in-camera review process

These matters required separate judicial analysis and remained unresolved in the final judgment.

[3.] The Court of Claims entered final judgment on February 21, 2025, even though by that time Respondent had not yet produced any responsive records as required by prior orders dated February 9 and March 27, 2024. Record production began on April 11, 2025, and stopped after May 12, 2025, despite outstanding ordered records remaining. Entering judgment prior to full compliance and completion of record production was inconsistent with the appellate court's recommendation.

[4.] The Court of Claims assessed court costs against Requester despite Requester's partial success in obtaining unredacted records and Respondent's ongoing noncompliance with prior rulings. This assessment did not reflect the equitable cost considerations under R.C. 2743.75(F)(3)(c), which require courts to evaluate both the degree of success and the conduct of the parties in determining cost responsibility.

[5.] The Court of Claims permitted redactions of attorney-related communications and names that had previously been held not protected by attorney-client privilege. Because those rulings were not appealed, the renewed redactions effectively revisited issues that had already been resolved, contrary to the court's prior determinations.

## III. STANDARD OF REVIEW

{¶ 10} The issues raised by Maleky in each of her assignments of error involve questions of law. "We review questions of law under a de novo standard of review, meaning we do not defer 'to a trial court's interpretation of legal issues.' " *Rastaturin v. 3165 Curtis Knoll Drive, L.L.C.*, 2024-Ohio-1378, ¶ 8 (10th Dist.), quoting *Hanuman Chalisa, L.L.C. v. BoMar Contracting, Inc.*, 2022-Ohio-1111, ¶ 14 (10th Dist.).

## IV. LEGAL ANALYSIS

{¶ 11} In her first assignment of error, Maleky appears to argue that the Court of Claims exceeded the scope of our remand in its February 21, 2025 judgment entry by entering judgment in favor of OSU. More specifically, Maleky argues that the court erred in entering judgment for OSU on all issues instead of just the FERPA redactions. Generally, "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). "However, when an appellate court remands a case for a limited purpose, 'the

trial court [is] obliged to accept all issues previously adjudicated as finally settled.' " *Cugini & Capoccia Builders*, *Inc. v. Ciminello's, Inc.*, 2006-Ohio-5787, ¶ 32 (10th Dist.), quoting *Blackwell v. Internatl. Union, United Auto Workers Local No. 1250*, 21 Ohio App.3d 110, 112 (8th Dist. 1984).

{¶ 12} A review of Maleky's assignment of error and an independent review of the record reveals that Maleky's argument is based on a misinterpretation of the Court of Claims' February 21, 2025 judgment entry. On February 15, 2024, the special master issued a supplemental report and recommendation in this matter. Both Maleky and OSU objected to portions of the special master's supplemental report and recommendation. The court overruled those objections and adopted the special master's supplemental report and recommendation. Both parties appealed the court's decision. As previously stated, this court overruled Maleky's assignments of error. *Maleky*, 2024-Ohio-5825, at ¶ 14 (10th Dist.). We sustained OSU's assignment of error and remanded the matter on the sole issue of redacting personal identifying information of students pursuant to FERPA. *Id*. at ¶ 13-14. Thus, at this point in the proceedings, the only unresolved issue involved redactions pursuant to FERPA. *See Cugina & Capoccia Builders*, *Inc.* at ¶ 32. Contrary to Maleky's assertion, all other issues were finally settled. *Id*. Therefore, when the Court of Claims entered judgment in favor of OSU in its February 21, 2025 judgment entry, it was not ruling in favor of OSU on *all* issues, it was only ruling in OSU's favor on the issue of FERPA-related redactions. OSU was still required to produce records in accordance with the court's March 27, 2024 final entry. The Court of Claims' statement that "no further action needs to be taken by Respondent in this matter" simply refers to the fact that OSU need not provide unredacted versions of records as it pertains to FERPA. (Feb. 21, 2025 Jgmt. Entry at 1-2.) Based on the foregoing, Maleky's first assignment of error is overruled.

{¶ 13} Maleky's second assignment of error contends the Court of Claims erred by failing to adjudicate unresolved claims that were unrelated to FERPA. These included redactions based on attorney-client privilege, withholding responsive records without a proper certification of non-existence, and procedural concerns with the in-camera review process. At the outset, Maleky's second assignment of error in the initial part of her brief appears to be different from what is argued. Although Maleky initially claims that the court erred in failing to address claims unrelated to FERPA, the argument section contends that

the court erroneously vacated previous binding orders.  (Appellant's Brief at 1-2, 12-13.) Nevertheless, even if we were to consider both arguments, an independent review of the record reveals that the court did not err.

{¶ 14} Maleky's substantive argument contends that in issuing its final judgment, the Court of Claims ignored prior binding rulings that were not appealed, "effectively vacating them on its own initiative." (Appellant's Brief at 13.)  However, as we explained in the analysis of Maleky's first assignment of error, the court's February 21, 2025 judgment entry only ruled in favor of OSU on the issue of redactions pursuant to FERPA.  Nothing in that entry vacates prior binding orders.  OSU is still obligated to produce records pursuant to the court's March 27, 2024 entry, with the exception that it may redact personal identifying information of students.

{¶ 15} Although not expounded upon in the argument section of Maleky's brief, the initial second assignment of error contends that the Court of Claims "did not adjudicate [Maleky's] remaining claims unrelated to FERPA" and that those claims "required separate judicial analysis and remained unresolved in the final judgment." (Appellant's Brief at 1-2.)  Initially, it should be noted that our analysis of this argument is hampered by Maleky's failure to provide specific details regarding these unresolved claims or explain this argument in the substantive portion of her brief.  Indeed, it appears these unresolved claims are similar, if not identical, to the claims she raised, and we overruled, in the initial appeal of this matter. *Maleky*, 2024-Ohio-5825, at ¶ 5 (10th Dist.).

{¶ 16} "The doctrine of res judicata 'promotes principles of finality and judicial economy by preventing endless relitigation of an issue upon which there was already a full or fair opportunity to be heard.' " *Daniel v. Williams*, 2014-Ohio-273, ¶ 18 (10th Dist.), quoting *State v. Jama*, 2012-Ohio-2466, ¶ 45 (10th Dist.).  Under the doctrine of res judicata, a party is barred "from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15.  If there were issues unrelated to FERPA in the Court of Claims' March 27, 2024 final entry, Maleky could have and should have raised them in her direct appeal.  We are limited here to the court's judgment entry on the sole issue of FERPA redactions.  Thus, whether these issues were

not raised in the direct appeal, or were raised and overruled, these claims are now barred by res judicata. Based on the foregoing, Maleky's second assignment of error is overruled.

{¶ 17} In her third assignment of error, Maleky alleges that the Court of Claims erred by prematurely entering final judgment prior to full record production by OSU. In support of her argument, Maleky cites to *Dublin v. RiverPark Group*, 2020-Ohio-4892 (10th Dist.) for the contention that a trial court retains continuing jurisdiction to enforce its own orders, even while an appeal is pending. However, it is unclear how *RiverPark* is relevant to Maleky's third assignment of error. *RiverPark* was an easement matter involving the issue of whether the trial court, under the specific facts of that case, had jurisdiction to decide a Civ.R. 60(B) motion. This is a public records case involving the Court of Claims entering judgment after a limited remand. *RiverPark* is wholly inapplicable to this matter.

{¶ 18} Maleky also cites to "*State ex rel. Cincinnati Enquirer v. City of Cincinnati*," for the proposition that the "absence of certification regarding withheld or nonexistent records violates statutory mandates." (Appellant's Brief at 15.) Initially, it should be noted that neither of the citations provided by Maleky lead to a case with that title. Nevertheless, it appears that Maleky is alleging that OSU's record productions have violated Ohio law and failed to comply with the Court of Claims' previous orders. However, these record productions occurred after the judgment entry at issue in this appeal and are outside of the record. "It is well-established law that a reviewing court cannot consider evidence outside the record on appeal." *Boyd v. Boyd*, 2022-Ohio-4775, ¶ 16 (10th Dist.). Thus, we cannot consider any evidence of these record productions and whether the court erred in allegedly failing to enforce the terms of its orders in that regard. Maleky has other recourses to address OSU's alleged non-compliance with any of the court's orders. This appeal is not the appropriate forum in which to raise those issues.

{¶ 19} Finally, Maleky cites to *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976) for the proposition that "courts must not reward discovery evasion with finality." (Appellant's Brief at 15.) *ARC Industries* is irrelevant to this matter. In fact, *ARC Industries* has nothing to do with discovery evasion. It is a case involving the issue of whether the trial court abused its discretion in granting a Civ.R. 60(B) motion. Moreover, discovery is different than the production of public records. Discovery is the process by

which parties exchange information in preparation for trial. The public records process makes certain government records available to citizens in an effort to promote transparency. As such, Maleky's argument in this regard is without merit.

{¶ 20} In sum, Maleky has failed to point to any legal authority for the proposition that a trial court must refrain from entering a final judgment in a public records matter until after all records are produced. It is the appellant's burden to affirmatively demonstrate error on appeal. *White v. Cent. Ohio Gaming Ventures, L.L.C.*, 2019-Ohio-1078, ¶ 25 (10th Dist.). Maleky failed to meet that burden. Based on the foregoing, Maleky's third assignment of error is overruled.

{¶ 21} In her fourth assignment of error, Maleky contends that the Court of Claims erred in ordering her to pay court costs. R.C. 2743.75(F)(3) states as follows:

> If the court of claims determines that the public office or person responsible for the public records denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code and if no appeal from the court's final order is taken under division (G) of this section, both of the following apply:
>
> (a) The public office or the person responsible for the public records shall permit the aggrieved person to inspect or receive copies of the public records that the court requires to be disclosed in its order.
>
> (b) The aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the aggrieved person, but shall not be entitled to recover attorney's fees, except that division (G)(2) of this section applies if an appeal is taken under division (G)(1) of this section.

{¶ 22} "A court's duty is to give effect to the words used in a statute, not to delete or insert words." *Broadmoor Ctr., L.L.C. v. Dallin*, 2016-Ohio-8541, ¶ 19 (10th Dist.). "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. R.C. 2743.75(F)(3) is unambiguous. In order for the requester to recover court costs from the respondent, the Court of Claims must determine that the respondent impermissibly denied access to the public records *and* no appeal from

the court's final order was taken. Here, because there was an appeal from the Court of Claims' final order, an appeal in which Maleky's assignments of error were overruled and OSU's assignment of error was sustained, the cost recovery provision in R.C. 2743.75(F)(3)(b) does not apply. Based on the foregoing, Maleky's fourth assignment of error is overruled.

{¶ 23} Maleky's fifth assignment of error contends that the Court of Claims permitted improper redactions as it relates to certain attorney-client related communications. This assignment of error appears to be similar to an argument Maleky set forth in her third assignment of error. Maleky again alleges that certain record productions by OSU in April and May 2025 violated Ohio law and failed to comply with the court's orders. As we previously stated, "[i]t is well-established law that a reviewing court cannot consider evidence outside the record on appeal." *Boyd*, 2022-Ohio-4775, at ¶ 16 (10th Dist.). The productions of which Maleky complains are not part of the record and, thus, cannot be considered. Maleky has other recourse to address OSU's alleged non-compliance with any of the trial court's orders. Maleky's fifth assignment of error is overruled.

## V. CONCLUSION

{¶ 24} Having overruled each of Maleky's five assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.

_____